MATTHEW RIGHETTI, (*Pro Hac Vice*)
(California State Bar No. 121012)
MICHAEL RIGHETTI, (*Pro Hac Vice*)
(California State Bar No. 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone:  (415) 983-0900 / Facsimile:  (415) 397-9005
Email: matt@righettilaw.com
         mike@righettilaw.com

Attorneys for Plaintiff's, CHARLES A. JONES and JOSH WATSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. JONES and JOSH WATSON, on behalf of themselves and all similarly situated persons,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ALL AMERICAN AUTO PROTECTION, INC.; ROYAL ADMINISTRATION SERVICES, INC.; HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA,<br><br>                    Defendants. | Civil Action No.<br><br>USDC, DISTRICT OF NEVADA CASE NO. 3:14-cv-00199-LRH-WGC<br><br>**PLAINTIFF'S EX PARTE REQUEST FOR ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>[Fed. R. Civ. P. Rule 45(g)] |

Plaintiffs seek the issuance of an order to show cause for contempt of court based upon Fed. R. Civ. P. Rule 45(g) following deponent's failure to appear at deposition after being personally served with a deposition subpoena pursuant to Fed. R. Civ. P. Rule 45.

//

//

---

## I. THE UNDERLYING ACTION

On April 14, 2014 Plaintiff, Charles A. Jones, filed an action against All American Auto Protection, Inc. in the United States District Court, District of Nevada (Case No. 3:14-cv-00199-LRH-WGC) alleging that Defendant, All American Auto Protection, Inc., ("AAAP") violated the Telephone Consumer Protection Act ("TCPA") when AAAP placed illegal telemarketing calls to Plaintiff's cellular telephone in an effort to sell extended auto service warranties. Plaintiff alleged claims on behalf of both himself and a class of similarly situated individuals who, like Plaintiff, were also subjected to Defendant's allegedly illegal telemarketing campaign. The action was later amended to add another plaintiff, Josh Watson, and additional defendant's. The action seeks statutory damages under the TCPA.

## II. DEFENDANT IS IN DEFAULT

Counsel for Defendant, All American Auto Protection, Inc., withdrew from representing said Defendant on December 4, 2014. Docket No. 51 in Case No. 3:14-cv-00199-LRH-WGC. On January 8, 2015, Magistrate Judge William G. Cobb issued a Report and Recommendation that AAAP's answer be stricken and a default entered against AAAP pursuant to Fed. R. Civ. P. 55(a). Docket No. 55 in Case No. 3:14-cv-00199-LRH-WGC.

The Chief Operating Officer of AAAP is Harout ("Harry") Pambuckchyan. (Decl. of M. Righetti). Prior to Magistrate Judge Cobb's Report and Recommendation, Plaintiffs noticed the deposition of AAAP seeking to depose defendant, AAAP's, COO Mr. Pambuckchyan. Mr. Pambuckchyan failed to appear for this duly noticed deposition as required by Fed. R. Civ. P. Rule 30. (Decl. of M. Righetti).

//

//

## II. SUBPOENA TO AAAP

Following Mr. Pambuckchyan's failure to appear at his duly noticed deposition pursuant to the deposition notice served upon AAAP, Plaintiffs issued a subpoena to Mr. Pambuckchyan commanding his personal appearance for testimony and documents. (Decl. of M. Righetti, Ex. 1). On January 15, 2015 at 8:08 a.m., the civil subpoena was personally served on Mr. Pambuckchyan at his residence address in Studio City. (Decl. of M. Righetti, Exhibit 2). A witness fee was also served on Mr. Pambuckchyan. (Decl. of M. Righetti).

The deposition subpoena ordered Mr. Pambuckchyan to appear for deposition on February 10, 2015 at 9:00 a.m. at the offices of Veritext, 707 Wilshire Blvd., Suite 3500, Los Angeles, CA and produce documents and information described in the subpoena. Mr. Pambuckchyan failed and refused to appear for said deposition and failed and refused to provide the specified documents and information at the time and place set forth in the subpoena. (Decl. of M. Righetti, Exhibit 3). The attorneys who issued the subpoena to Mr. Pambuckchyan have not received any response whatsoever from Mr. Pambuckchyan in response to the subpoena. (Declaration of M. Righetti).

## III. REQUEST FOR OSC RE CONTEMPT

Failure to comply with a subpoena without adequate excuse is a contempt of court. Fed. R. Civ,. Pro. Rule 45(g); *Forsythe v. Brown*, 281 FRD 577, 588-589 (D. Nev. 2012). In fact, contempt is the only sanction available against nonparties for failure to comply with a deposition subpoena. A subpoena issued by an attorney, as here, is the same as a court order for purposes of contempt proceedings; no prior court order is required. Fed. R. Civ,. Pro. Rule 45(e); *United States SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010).

The first step for subpoena enforcement proceedings is the issuance of an Order to Show Cause re Contempt Proceedings in the district where compliance is required. Fed. R. Civ,. Pro. Rule 45(g); *Forsythe v. Brown*, 281 FRD 577, 588-589 (D. Nev. 2012). The OSC is then served

on the person subpoenaed and all parties to the action setting a hearing date for the contempt proceeding. The contempt proceeding is a "trial" within the meaning of Rule 43(a) requiring live testimony. *Pennwalt Corp v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983).

### IV. NOTICE TO COUNSEL OF RECORD AND MR. PAMBUCKCHYAN.

Plaintiffs have provided notice of this application via email to all counsel or record in this action as set forth in the Decl. of Matthew Righetti. In addition, a copy of this application and supporting papers was mailed to Harout Pambuckchyan at his residence address where he was served with the subpoena as set forth in the Decl. of Matthew Righetti.

### V. CONCLUSION

Based upon the foregoing, Plaintiffs request that the Court issue an order for Harout Pambuckchyan to show cause why he should not be held in contempt of court for violating the subpoena. The order to show cause will be served on Harout Pambuckchyan in advance of the hearing thereby affording Mr. Pambuckchyan the opportunity due process under the law.

Dated: March 6, 2015           Respectfully submitted,

**RIGHETTI • GLUGOSKI, P.C.**

/s/ Matthew Righetti
Matthew Righetti (CA State Bar No. 121012)
Attorneys for Plaintiff
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel. 415-983-0900
matt@righettilaw.com

4
PLAINTIFF'S EX PARTE REQUEST FOR ORDER TO SHOW CAUSE RE CONTEMPT