MATTHEW RIGHETTI, (*Pro Hac Vice*)
(California State Bar No. 121012)
MICHAEL RIGHETTI, (*Pro Hac Vice*)
(California State Bar No. 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email: matt@righettilaw.com
       mike@righettilaw.com

Attorneys for Plaintiffs,
CHARLES A. JONES and JOSH WATSON

**FILED**
CLERK, U.S. DISTRICT COURT

May 24, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. JONES and JOSH WATSON, on behalf of themselves and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>ALL AMERICAN AUTO PROTECTION, INC.; ROYAL ADMINISTRATION SERVICES, INC.; HAROUT PAMBUCKCHYAN, RAFFI SADEJYAN, and JASON GARCIA,<br><br>Defendants. | Civil Action No. 2:15-cv-01656-SJO-AGR<br><br>[USDC, DISTRICT OF NEVADA CASE NO. 3:14-cv-00199-LRH-WGC]<br><br>**ORDER OF THE COURT RE CONTEMPT** |

## **ORDER**

On December 14, 2015 Plaintiffs filed a Motion for OSC Re Contempt of Court Against Raffi Sadejyan for refusing to comply with a subpoena. ECF No. 29.

The Court issued an order instructing Defendant Raffi Sadejyan to show cause in writing why he should not be held in contempt and to appear before the Court for a civil contempt hearing on May 23, 2016 at 8:30 a.m. ECF No. 31.

The OSC issued by this Court (ECF No. 31) was served upon Raffi Sadejyan on April 21, 2016. ECF 32 and 32-1.

On May 23, 2016, at 8:30 a.m. the Court held a contempt hearing. Raffi Sadejyan did not appear at the hearing on May 23, 2016. Also, Raffi Sadejyan has not provided any writing to the Court explaining why he should not be held in contempt.

For the following reasons, the Court finds by clear and convincing evidence that Raffi Sadejyan is in civil contempt and awards appropriate sanctions.

## **LEGAL STANDARD**

A district court has inherent power to enforce compliance with its orders through civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401(3). In determining whether civil contempt is warranted, the focus of the inquiry is whether "defendants have performed all reasonable steps within their power to insure compliance with the court's orders." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (internal quotations omitted). Thus, "[o]ne need not commit an unlawful act in order to be liable for" contempt—one need only disobey a court order. *NLRB v. Laborer's Int'l Union of N. Am.*, 882 F.2d 949, 954 (5th Cir. 1989).

The party moving for contempt bears the burden of establishing by clear and convincing evidence that the contemnors violated a specific and definite order of the Court. See *Balla v. Idaho*

*State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). The contemnors' good faith or intent in attempting to comply with the order is immaterial. See *Stone*, 968 F.2d at 856-57.

The district court has wide latitude and a broad range of civil contempt sanctions at its disposal, such as "fine[s], imprisonment, receivership, and a broader category of creative, nontraditional sanctions." *United States v. States of Tenn.*, 925 F. Supp. (W.D. Tenn. 1995); see also *Hook v. Arizona*, 907 F. Supp. 1326, 1339 (D. Az. 1995). "The Supreme Court has repeatedly emphasized the broad equitable remedies to the necessities of the particular cases, especially where a federal agency seeks enforcement in the public interest." *SEC v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980); see also *SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003) (authorizing asset freeze of third party to effectuate relief). Sanctions may be imposed to coerce Defendants into compliance with the Court's Order, to compensate the party pursuing the contempt action for losses sustained as a result of the contemptuous behavior, or both. *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947); *United States v. Bright*, 596 F.3d 683, 696-97 (9th Cir. 2010).

## **DISCUSSION**

The Court has previously determined that Raffi Sadejyan failed to comply with a subpoena served upon him. ECF No. 31. The Court further determined that Raffi Sadejyan failed to proffer any excuse for his failure to obey the subpoena. ECF No. 31.

Based upon these findings, the Court ordered Raffi Sadejyan to show cause in writing why he should not be held in contempt. ECF No. 31.

Raffi Sadejyan did not appear at the contempt hearing and did not submit any writing to the Court with any justification for why he should not be held in contempt.

As noted in the Court's May 5, 2015 order (ECF No. 10):

"Civil contempt is characterized by the court's desire to compel a party's obedience to a specific and definite court order after the party has failed to take all reasonable steps within the party's power to comply." *Baker*, 2014 WL 3058323, at *10 (citing *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993); *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984)) (quotation marks and original formatting omitted). Although "a person may not be held in contempt of court when he has an adequate excuse for not honoring a subpoena," see *Peyton v. Burdick*, No. CV 07-00453 LJO, 2008 WL 880573, at *2 (E.D. Cal. Mar. 31, 2008), Pambuckchyan has failed to proffer any excuse, let alone an adequate excuse, for his failure to obey the Subpoena."

### **ORDER AND AWARD OF SANCTIONS**

For the foregoing reasons, based on clear and convincing evidence, the Court **HOLDS** Raffi Sadejyan in civil contempt for failing and refusing to obey the subpoena. The Court now turns to the task of setting the appropriate sanctions for these violations.

Civil contempt sanctions may be imposed to coerce Raffi Sadejyan into compliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Here, Plaintiffs seek – and the Court agrees – that a coercive sanction should issue to compel Raffi Sadejyan to comply with the subpoena. In determining the amount and duration of a coercive sanction, the Court considers "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United Mine Workers*, 330 U.S. at 304; *Whittaker Corp.*, 953 F.2d at 516.

Accordingly, the Court **HEREBY IMPOSES** sanctions upon Raffi Sadejyan as follows:

If Raffi Sadejyan fails to demonstrate to the Court that he has fully complied with the subpoena within ten (10) days after entry of this Order, Raffi Sadejyan shall be required to pay $5,000.00 per day to Plaintiffs until such time as he demonstrates compliance.

In addition, Raffi Sadejyan is required to pay the sum of $5,000.00, as reimbursement for the reasonable costs and expense Raffi Sadejyan caused to Plaintiffs due to his non-compliance with the subpoena and the need for Plaintiffs to proceed with this proceeding.

IT IS SO ORDERED.

DATED:  May 24, 2016

*S. James Otero*

UNITED STATES DISTRICT COURT